UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN LERCH,

        Plaintiff,

  v.                                                Case No. 06-C-454

CITY OF GREEN BAY, et al,

        Defendants.

**ORDER GRANTING IN PART DEFENDANTS' 7.4 MOTION TO STRIKE**

      Plaintiff John Lerch, the owner of several residential rental properties in Green Bay, brought suit against the City of Green Bay and three of its housing inspectors. Lerch alleges he has been issued citations for housing code violations by the inspectors while other property owners with the same types of violations have not been issued citations or repair orders. Defendants filed a motion for summary judgment on April 16, 2007. Twice Lerch moved for an extension of time to respond, and the court granted both motions, such that Lerch's deadline to respond was ultimately July 17, 2007. On that day, Lerch filed not only his response to defendants' motion for summary judgment, but also his own motion for summary judgment and numerous supporting documents. Presently before me is defendants' Rule 7.4 expedited motion to strike the following: plaintiff's motion for summary judgment; plaintiff's supporting brief; plaintiff's proposed findings of fact and conclusions of law in support of his motion for summary judgment; the supporting affidavits of Lloyd Larschied, Guy Zima, Daniel Laes, Lynn Heisler, and Tony Falcon; and those portions of Lerch's supporting affidavit that refer to the aforementioned affidavits.

To support the instant motion, Defendants note that the court's scheduling order set an April 15, 2007, deadline to file dispositive pretrial motions, and that Lerch has not filed a motion to modify the scheduling order. In response to the instant motion, Lerch (1) asks for leniency from the court in light of his pro se status; (2) argues that his summary judgment motion and supporting documents are sufficient for the court to decide the merits in his favor; (3) asks the court to view his motion for summary judgment as a counter-motion; (4) points to defendants' tardiness in answering his complaint; (5) suggests his tardiness was caused by defendants' failure to properly answer his interrogatories; and (6) argues that the affidavits at issue should not be stricken insofar as they also support his response to defendants' motion for summary judgment.

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. The standard for permitting modification of a scheduling conference order pursuant to Rule 16 is "good cause." Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."). Rule 16(b)'s "good cause" requirement considers the diligence of the party seeking relief. The court may also modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind. 1990). Carelessness is not a basis for granting relief. *Cf. Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) (citation omitted) (carelessness not a ground for relief under Rule 60(b)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

2

Cir. 1992). If a party was not diligent, the inquiry should end. *See id.; Geiserman v. MacDonald*, 893 F.2d 787, 790-92 (5th Cir. 1990). The decision to modify a scheduling order is within the broad discretion of the district court. *See Jones v. Coleman Co., Inc.*, 39 F.3d 749, 753-54 (7th Cir. 1994); *Johnson*, 975 F.2d at 607 (citation omitted).

Several points are in order regarding Lerch's response to the instant motion. I first note that, contrary to Lerch's argument, defendants' answer was not tardy. The record indicates plaintiff sent all defendants waiver of service on April 27, 2006. Defendants therefore had 60 days from that date to answer. *See* Fed. R. Civ. P. 12(a)(1)((B). Defendants' answer, filed June 22, 2006, was clearly timely. Second, Lerch's pro se status is of limited help to him here. Procedural rules apply even to *pro se* litigants, and must be enforced. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Moreover, Lerch clearly knows how to file a motion for an extension of time, as evidenced by his two earlier motions seeking extensions of time to respond to defendants' summary judgment motion, and yet he did not move the court to modify the scheduling order. Third, as to Lerch's argument that defendants did not properly respond to his interrogatories, I note that the allegedly deficient response is dated February 6, 2007. (Authenticating Docs. [Dkt. #63 at 3-5].) Lerch clearly had time to move the court for an extension of time if he suspected defendants' responses would hinder his ability to file a timely dispositive motion, yet he did not do so. Fourth, Lerch may not circumvent the dispositive motion deadline by styling his motion for summary judgment as a counter-motion. If such were allowed, the deadline set in the scheduling order would not bind a party responding to a dispositive motion.

However, the most important distinction here is that some of the documents at issue were filed in support of Lerch's opposition to defendants' motion for summary judgment, while others

3

only support his own motion for summary judgment. Defendants are correct that Lerch's motion for summary judgment, and the supporting brief, were filed long after the dispositive motion deadline, and Lerch has not moved to modify the scheduling order, much less shown good cause for his tardiness. Those documents will be ordered stricken. However, the others will not. Although Lerch filed his proposed findings of fact and conclusions of law (Dkt. #48) as support for his own motion for summary judgment, he often refers to that document in his brief in opposition. It seems unfair to strike the document simply because of the title Lerch gave it, especially in light of his pro se status. Similarly, the affidavits of Laes, Larschied, and Lerch himself are often referred to in his brief in opposition. The affidavits of Zima, Heisler, and Falcon are referenced only in Lerch's own affidavit, but Lerch is clearly using them to buttress his opposition to defendants' motion for summary judgment.

Striking Lerch's motion for summary judgment and the supporting brief makes sense from several other vantage points as well. First, it will have little practical effect on the disposition of this case, considering that a court can, in an appropriate case, grant summary judgment for the nonmoving party even though it made no formal cross-motion under Rule 56. *Lett v. Magnant*, 965 F.2d 251, 261 (7th Cir. 1992) (citations omitted). Should the case warrant it, therefore, I may enter summary judgment for Lerch even in the absence of any motion for same on his part. Second, striking Lerch's motion for summary judgment saves defendants the time and expense they would otherwise have to expend in responding. Since his brief in support of Lerch's own motion for summary judgment essentially mirrors his brief in opposition to the defendants' motion, the defendants can address any arguments he has made in the reply they file in support of their own motion. Lerch's brief in support of his own motion does not merit a separate response.

4

For the foregoing reasons, plaintiff's motion for summary judgment (Dkt. #46) and the supporting brief (Dkt. #47) will be ordered stricken. The other documents at issue will remain in the record.

**SO ORDERED**.

Dated this      1st      day of August, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge