# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN L. LERCH,

        Plaintiff,

      v.                                          Case No. 06-C-454

JEAN ANGELL, SCOTT A. NELSON,
KEN LOEHLEIN, and CITY OF GREEN BAY,

        Defendants.

## DECISION AND ORDER

      Plaintiff John Lerch, the owner of several residential rental properties in Green Bay, brought this action under against the City of Green Bay and three of its housing inspectors under 42 U.S.C. § 1983. Lerch alleges that defendants' conduct violates the Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Lerch, proceeding pro se, alleges that his properties were singled out for disproportionately harsh treatment by the Green Bay Inspection Department. Lerch also alleges he was charged excessive fines, that his property was the subject of an illegal search, and that defendants denied him the right to confront his accuser by failing to disclose the identities of those who filed complaints regarding his property.

      The three inspectors, Jean Angell, Scott A. Nelson, Ken Loehlein, and the City have now moved for summary judgment. They note that Lerch's Fourth, Sixth and Eighth Amendment claims have no basis in law. With respect to Lerch's Fourteenth Amendment claim, the defendants contend that while the Supreme Court has held that an individual who is not a member of protected class can assert an equal protection claim as a "class of one," plaintiff is unable to establish such a claim in

this case. The defendants also argue that Lerch has failed to produce any evidence that the fines imposed on him were excessive. Finally, the defendants contend that even if Lerch's claims could otherwise proceed, the defendants are protected from liability by a defense of qualified immunity.

For the reasons that follow, I conclude that the plaintiff has failed to demonstrate that there is sufficient evidence as a matter of law to establish his claims. The defendants' motion will therefore be granted.

## FACTS

Parties moving for summary judgment or responding to such a motion must comply with the local rules of the district in which the motion is brought. *Koszola v. Bd. of Ed. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). In accordance with Civil Local Rule 56.2(a) (E.D. Wis.), the defendants submitted a set of proposed findings of fact to the Court with their summary judgment moving papers. Pursuant to Civil Local Rule 56.1, the defendants' summary judgment papers also included a notice to Lerch indicating that any assertion of fact set forth in the defendants' proposed findings of fact would be accepted as true unless Lerch submitted his own affidavit or other documentary evidence contradicting such factual assertions. However, Lerch did not file the response required by Civ. L.R. 56.2(b) with his filings in opposition to the defendants' motion. Although Lerch did file his own proposed findings of fact, his filing provided neither the "specific response" to the defendants proposed findings required by Civ. L.R. 56.2(b), nor were his proposed findings "supported by specific citations to evidentiary materials in the record" as required by Civ. L.R. 56.2(a). Thus, in accordance with Civil L.R. 56.2(e), "the Court must conclude that there is no genuine material issue as to any proposed finding of fact" set out by the defendants. The facts set out by the defendants are as follows.

2

Lerch has been receiving municipal citations as a result of inspections of his properties in Green Bay for about 15 years. (Def. PFOF ¶ 14.) His tenants have complained numerous times to the Green Bay Inspection Department about the condition of their homes. (Def. PFOF ¶ 15.) Defendants Nelson, Loehlein, and Angell are all employees of the City of Green Bay, and each is certified by the Wisconsin Department of Commerce as a UDC-Construction Inspector. (Def. PFOF ¶¶ 3-5, 52-54.) Jean Angell is also certified by the State of Wisconsin as a Lead (PB) Risk Assessor. (Def. PFOF ¶ 55.)

Lerch complains about actions taken by the defendant inspectors regarding three of the properties he owns, the first of which is located at 1175 Crooks Street, Green Bay, Wisconsin. In January, 2005, Lerch purchased that property with the knowledge that the property had been condemned. (Def. PFOF ¶¶ 16, 18.) On August 16, 2004, Scott A. Nelson issued a 30 day Notice to Correct Code Violations to the owners of 1175 Crooks Street, Green Bay, Wisconsin. (Def. PFOF ¶ 19.) On November 23, 2004, Nelson sent a Notice to Raze and Repair to its occupants, and on June 29, 2005, he both posted a Notice to Vacate on the front door of the building as well as drafted and mailed a 30 day Notice to Vacate. (Def. PFOF ¶¶ 20-22.) Lerch filed an action with the Circuit Court attempting to stop the condemnation, but was unsuccessful because he was not the owner of the property at the time of the condemnation and the previous owner had not objected to the condemnation in a timely manner. (Def. PFOF ¶ 32.) After Lerch refused to voluntarily have the property razed, the City of Green Bay razed the building. (Def. PFOF ¶ 31.)

Lerch does not claim that there was no factual basis for the condemnation, but rather that he was treated more harshly than other landowners similarly situated, specifically Daniel J. Laes. Lerch notes that Laes purchased property at 535 3rd Street, Green Bay, Wisconsin that was also

3

condemned at the time of purchase (Def. PFOF ¶ 24), but he was given an opportunity to bring the building into compliance. (Def. PFOF ¶ 29.) Laes' case is clearly distinguishable from Lerch's, however, because the previous owner of the building Laes purchased had filed a timely action in the circuit court challenging the condemnation order. Because there was a timely challenge to the order, Laes was given an opportunity to bring the property into compliance. (Def. PFOF ¶ 27.) He failed to do so in any event, and ultimately Laes voluntarily had the building on his property razed. (Def. PFOF ¶ 27.)

The second piece of property involved in this case is located at 503 Ashland Avenue, Green Bay, Wisconsin. On October 28, 2005, Ken Loehlein issued to Lerch an Order for the City of Green Bay Public Works Division to remove litter and solid waste from this property, without providing prior warning or notice. (Def. PFOF ¶¶ 34-36.) Lerch admits that an inspector can issue orders or citations without giving prior notice or warning. (Def. PFOF ¶ 36; Lerch Dep. 29-33, Nov. 2, 2005.) Again Lerch does not contest the factual basis of the action taken against him, but claims that other property located at 509 Ashland Avenue is in worse condition and that it is a violation of his equal protection rights that he received an order regarding his property while defendants have not taken any corrective action against the property at 509 Ashland Avenue. (Compl. 13, 14.) The defendants point out, however, that they have had numerous contacts with and taken corrective action against the property at 509 Ashland Avenue. (Def. PFOF ¶ 38.)

The third site owned by Lerch and involved in the current controversy is 1168 Klaus Street, Green Bay, Wisconsin. The Inspection Division of the City of Green Bay Planning Department received an anonymous complaint from a neighbor on November 1, 2004, that the house located at 1168 Klaus Street had an overgrown lawn and had blighted, dilapidated building conditions. (Def.

4

PFOF ¶ 40.)   On that day, Jean Angell conducted an inspection of the property and mailed a notice of non-compliance to Lerch allowing until December 6, 2004 to correct code violations she observed.  (Def. PFOF ¶ 39.)  On December 6, 2004, Angell issued a citation to Lerch for failing to correct the code violations.  (Angell Aff. ¶ 4; Angell Ex. 1; P. Br. Opp. 6.)  Another complaint about this property was made by Alderman Chad Fradette on April 11, 2005, indicating that work was being done without permits.  (Def. PFOF ¶ 41.)  After this complaint, Angell submitted an affidavit to the Brown County Municipal Court requesting a special inspection warrant for the property.  (Def. PFOF ¶ 41.)   The municipal judge granted and signed the warrant on November 28, 2005.  (Def. PFOF ¶ 42.)   Angell executed the inspection warrant that same day, finding plumbing, electrical, heating and general remodeling had taken place and was in progress without a permit, in violation of Green Bay Municipal Code Sec. 15.05.  (Def. PFOF ¶ 42.)  The City subsequently issued a raze order for the property citing numerous code violations.  Ultimately, the City razed this property, as well.  (Reply Aff. Jerry Hanson ¶ 8; P. Br. Opp. 6.)

Lerch claims that the November 28th inspection of 1168 Klaus Street was an unreasonable search and seizure depriving him of his Fourth Amendment right to privacy.  He also claims the defendants violated the Sixth Amendment by failing to disclose the identity of the individuals who complained about the property.  Finally, he again claims discriminatory treatment on the ground that one of the violations cited in the order to raze was for failure to pave the driveway.  Lerch contends that the defendants' failure to issue correctional orders against nearby properties with unpaved driveways shows he was singled out in violation of his right to equal protection.  (P. Br. Opp. 6, 13; Compl. 3.)  In a letter to the City of Green Bay Inspection Department dated March, 31, 2006, Lerch complained that over 50 nearby properties had unpaved driveways.  He acknowledges, however,

5

that all of the properties about which he complained are exempt from paved driveway requirements. (Def. PFOF ¶¶ 44, 45; Lerch Dep. 23-25, Nov. 2, 2005.) Despite this acknowledgment, he argues that the fact that the City cited the unpaved driveway violation in its raze and repair order demonstrates its animus toward him. (P. Br. Opp. 6.)

## ANALYSIS

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24.

Both plaintiff and defendants recognize that under certain circumstances disparate treatment by a government actor can amount to a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The question presented here is whether plaintiff can produce evidence that those circumstances are present in this case. I must also address Lerch's allegations that defendants violated his constitutional rights under the Fourth, Sixth, and Eighth Amendments. If any constitutional violations are found, I must also consider whether the defendants are protected from liability under the doctrine of qualified immunity.

**Fourteenth Amendment Claim**

I must first address the appropriate standard for evaluating the equal protection case before me. In *Esmail v. Macrane*, the Seventh Circuit held that, although the equal protection clause more

6

commonly protects vulnerable groups, it can also be a tool for an individual standing alone when he or she has been subjected to "government action [which is] wholly impossible to relate to legitimate governmental objectives." 53 F.3d 176, 180 (7th Cir. 1995). The opinion noted that the equal protection clause protects against vulnerable groups, and a class of one is likely to be the most vulnerable of all. *Id.* Thus, an individual may prevail on a class of one theory, the Court held, when the plaintiff can prove that (1) he was treated differently from similarly situated individuals and (2) the difference in treatment was the result of "a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Id.* Subsequent decisions by the Seventh Circuit have made it clear that in order to prevail on an equal protection class of one claim, a plaintiff must show both disparate treatment and illegitimate animus. *See e.g., Olech v. Village of Willowbrook*, 160 F.3d 386, 388 (7th Cir. 1998), aff'd, 528 U.S. 562 (2000).

Although the Supreme Court has accepted the concept that an equal protection claim can be based on a class consisting of only one person, it has yet to clearly delineate the elements of such a claim. In *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the Court affirmed the Seventh Circuit's decision reversing the district court's dismissal of such a claim in a *per curiam* opinion that at least suggested that disparate treatment that is "irrational and wholly arbitrary," regardless of the motivation is sufficient to state an equal protection claim. *Id.* at 565 ("These allegations, quite apart from the Village's subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis."). Justice Breyer noted in his concurring opinion that requiring a plaintiff in such a case to establish that the defendants acted vindictively or with illegitimate animus was necessary to avoid "transforming run-of-the-mill zoning cases into cases of constitutional right," *Id.* at 566 (Breyer, J., concurring), but the rest of the Court was silent on the

7

issue, stating "we . . . do not reach the alternative theory of 'subjective ill will' relied on by that court." *Id.* at 565.

In the aftermath of the Supreme Court's decision in *Olech*, it is unclear whether the Seventh Circuit's earlier cases holding that the illegitimate motivation of a defendant official is an essential element of an equal protection class of one claim remain the law. Judge Posner appears to read the Court's decision in *Olech* as leaving the question open and, thus, the Seventh Circuit's previous treatment of the issue may remain the law, at least in this Circuit. *See Bell v. Duperrault*, 367 F.3d 703, 709-13 (7th Cir. 2004) (Posner, J., concurring). Judge Ripple, on the other hand, reads *Olech* as recognizing an alternative way of proving a class of one equal protection claim that does not require a showing that the defendants bore the plaintiff any animosity. *See Indiana Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 713-14 (7th Cir. 2004) (Ripple, J., concurring). Both views have been followed in subsequent case law.[1] Regardless of which approach is followed here, however, Lerch's equal protection claim fails because he has not presented to the Court any evidence that he was treated differently than similarly situated persons.

It is not enough for Lerch to show that other individuals owning property with the same violations were treated differently; he must show that those individuals were similarly situated and that the defendants intentionally treated them more favorably. *Lunini v. Grayeb*, 395 F.3d 761, 770 (7th Cir. 2005). Moreover, "[i]t is clear that similarly situated individuals must be very similar indeed." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004); *see also Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (holding that in order to be considered

---

[1] *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000), is a post-*Olech* case that follows Judge Posner's reading; *Nevel v. Village of Schaumburg*, 297 F.3d 673, 681 (7th Cir. 2002), and *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001), reflect Judge Ripple's.

8

"similarly situated," comparators must be "prima facie identical in all relevant respects"). This is because no city is obligated to treat every violation of its building code the same. Given the number of violations in a city the size of Green Bay and the limitations on its budget and staff, the city is entitled to prioritize which violations and violators it pursues and how. Similar considerations go into the decision to charge an individual with a crime, discretion the Supreme Court has described as "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985).

Here, Lerch has not shown that the owners of the other properties he claims were treated differently were similarly situated. To the contrary, there is evidence that Lerch was in a significantly different situation than the other property owners he refers to. For example, Daniel J. Laes was allowed time to bring his property into compliance because its previous owner had properly challenged the relevant raze order. The previous owner of the property Lurch purchased did not challenge its condemnation. Thus, the property owners acquired their property under different conditions. This difference between them also provides at least one legitimate reason the two were treated differently by the defendants. Lerch, in contrast, has failed to produce any evidence that the allegedly disparate treatment he received was "irrational and wholly arbitrary." *Olech*, 528 U.S. at 565. He suggests that the defendants' failure to require nearby properties to have paved driveways is evidence of irrationally disparate treatment. (P. Br. Opp. 6; Def. PFOF ¶ 44.) However, Lerch admits that none of these properties are required to have a paved driveway. (Def. PFOF ¶ 45.) Lerch contends that his own property is also exempt from this requirement and that the raze order against it improperly ordered the driveway paved . (P. Br. Opp. 6.) Yet Lerch has not argued that the City of Green Bay lacked sufficient reasons to raze the property at 1168 Klaus Street, nor is there any evidence in the record to support such a claim. Moreover, Lerch provides

9

no evidence that the owners of these nearby properties without paved driveways were similarly situated with regard to the overall condition of their property, the number of complaints filed against their property, or their past actions in response to orders issued by the defendants. Showing that the properties have one thing, an unpaved driveway, in common, is not enough. Lerch has failed to produce evidence to adequately support the conclusion that these property owners were in the requisite "very similar" situation to his, *McDonald*, 371 F.3d at 1002, "prima facie identical in all relevant respects." *Purze*, 286 F.3d at 455.

Lerch has also failed to produce any evidence that the allegedly disparate treatment was motivated by ill will, vindictiveness, or some other illegitimate state objective. The pleadings and evidence on the record in no way challenge the likely fact that any disparate treatment was the result of uneven law enforcement or an appropriate exercise of discretion.

Lerch argues that summary judgment is nonetheless improper as to his Fourteenth Amendment claim because defendants' answer to the original complaint "admitted" a paragraph that concluded with the phrase, "in violation of the Plaintiff's Civil Rights under the Fourteenth Amendment of the U.S. Constitution." (Compl. 19; P. Br. Opp. 3.) Lerch contends that this constitutes an admission by the defendants that they violated his civil rights. However, while factual admissions are generally binding on a party as judicial admissions, legal admissions are not. *See Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp. 2d 998, 1000 (N.D. Ill.1999). Therefore, that defendants responded in this manner to plaintiff's allegations does not require the Court to adhere to the conclusion of law that the plaintiff's civil rights were violated, and I decline to do so.

Lerch has failed to demonstrate he has evidentiary support for either element of his "class of one" equal protection claim. He has not provided evidence that he was similarly situated to those

10

he claims were treated differently, or any evidence that the allegedly disparate treatment was motivated by illegitimate animus or ill will. Therefore, his Fourteenth Amendment claim fails.

**Eighth Amendment Claim**

Lerch contends that the fines imposed by the City of Green Bay are excessive, in violation of the Eighth Amendment's prohibition of excessive fines. (P. Br. Opp. 11.) However, he fails to provide any evidence that the fines are excessive. Furthermore, "Eighth amendment protections apply only after a finding of guilt in a criminal prosecution comporting with due process." *Help Hoboken Housing v. City of Hoboken*, 650 F. Supp. 793, 800 (D.N.J. 1986). The instant case, as in *Help Hoboken Housing*, involves a landlord fined for violation of a city ordinance without being subjected to a "finding of guilt pursuant to due criminal process," thus the Eighth Amendment's protections do not apply. *Id*. Here, Lerch does not allege he was subjected to a finding of guilt through criminal due process and the Eighth Amendment claim necessarily fails.

**Sixth Amendment Claim**

Lerch also claims that his Sixth Amendment right to confrontation was violated when the City of Green Bay failed to disclose "the name of the person who filed the complaint against" the property at 1168 Klaus Street. (Compl. 3.) However, the rights afforded by the Sixth Amendment also apply only to criminal charges and do not apply to Lerch in this case. *See Van Harken v. City of Chicago*, 906 F. Supp. 1182, 1187 n. 5 (N.D. Ill. 1995). Moreover, the actions taken against the property at 1168 Klaus Street were taken only after independent inspections by Angell.

**Fourth Amendment Claim**

Lerch further alleges that defendants violated the Fourth Amendment when "Jean Angell used false information claiming an anonymous tip to obtain an Inspection Warrant to inspect the

11

interior of the Plaintiff's building located at 1168 Klaus Street." (P. Br. Opp. 13.) The crux of Lerch's Fourth Amendment claim is that "[a]n anonymous tip does not justify obtaining an inspection warrant." (*Id.*) However, Jean Angell did not obtain a warrant until after two complaints were filed about the property, one anonymous, and one made by Alderman Chad Fradette. (Def. PFOF ¶ 41, 42.) Lerch has not produced any evidence supporting a claim that defendants engaged in any unreasonable search or seizure. Therefore, his Fourth Amendment claim also fails.

## CONCLUSION

Lerch has failed to produce evidentiary support for any of his Fourth, Sixth, Eighth, or Fourteenth Amendment claims. Thus, even with every allowable inference drawn in his favor, no reasonable trier of fact could find for Lerch on essential elements of his claims.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment is granted and the action is dismissed with prejudice.

Dated this ____17th____ day of September, 2007.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

12